IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAJED SUBH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : ELECTRONICALLY FILED |
| | : |
| WAL-MART STORES, INC., AND | : |
| RUTH MCPHERSON, | : JURY TRIAL DEMANDED |
| | : |
| Defendants. | : |

## COMPLAINT

Plaintiff Majed Subh files this Complaint against his former employer, Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), and Ruth McPherson, in both her personal capacity and as Wal-Mart's agent, seeking declaratory relief, punitive and compensatory damages, attorney's fees, and other relief because of Defendants' discrimination against him because of his national origin and race and their retaliation against him because of his complaints about discrimination in the workplace and his filing of Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

Mr. Subh brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981(a) ("Title VII"), and Delaware state law.

## I.   JURISDICTION AND VENUE

1.    This court has original jurisdiction over Mr. Subh's federal law claims pursuant to 28 U.S.C. § 1331.

2.    Mr. Subh has fulfilled all conditions precedent to the filing of this lawsuit. Specifically, on April 11, 2008, the EEOC issued a Final Determination and Notice of Right to Sue.

3.    This court has supplemental jurisdiction over Mr. Subh's state law claims pursuant to 28 U.S.C. § 1367.

## II.   THE PARTIES

### A.  <u>Plaintiff Majed Subh</u>

4.    Plaintiff Majed Subh is a citizen of the State of Delaware, residing at 204 Latimer Street in Wilmington, Delaware.

5.    Mr. Subh was born in Syria of Palestinian parents.  He is an Arab. Mr. Subh is a German citizen.

6.     In March 2004, Mr. Subh moved to America to make a better life for himself.

### B.  <u>Defendant Wal-Mart</u>

7.    Defendant Wal-Mart is a national and international retailer of home goods. Wal-Mart operates, 7,357 Wal-Mart stores and Sam's Club locations in 14

markets around the world, employs more than 2 million persons, and sells to more than 200 million customers each year.

8.    Wal-Mart operates stores at 75 North East Plaza, North East, Maryland, and at 1251 Centerville Road in Wilmington, Delaware.

9.    At all times relevant herein, Wal-Mart acted by and through its agents, servants, and employees, each of whom acted in the course and scope of his or her employment with Wal-Mart.

## C. Defendant Ruth McPherson

10.    Defendant Ruth McPherson is, upon information and belief, a citizen of the State of Delaware residing at 222 Woodchuck Place in Bear, Delaware.

11.    Upon information and belief, at all times relevant herein Defendant McPherson was the Store Co-Manager at Wal-Mart's 1251 Centerville Road store in Wilmington, Delaware.

12.    At all times relevant herein, Defendant McPherson acted in her personal capacity and also as Wal-Mart's agent, servant, and employee. As an agent for Wal-Mart, Defendant McPherson acted in the scope of her employment with Wal-Mart.

## III. FACTS

13.    The foregoing paragraphs are incorporated as if fully set forth herein.

14.     On December 20, 2005, Mr. Subh began working for Wal-Mart at its 1251 Centerville Road location in Wilmington, Delaware. Mr. Subh was hired as a Photo Technician. Mr. Subh assisted in preparing the store to open to the public.

15.     Mr. Subh performed his job in an exemplary manner.  He received high marks on his performance reviews and got along well with his co-workers.  He also received compliments from his customers, some of whom would patronize the Wal-Mart store in which he worked solely because of Mr. Subh's excellent customer service.

16.     Despite his hard work and dedication to both his job and his new country, Mr. Subh suffered continuous and on-going discrimination at work because of his race and national origin from, among others, Defendant McPherson.

17.     Mr. Subh complained to his supervisors and to Wal-Mart's Human Resources Department about the hostile work environment and the discrimination against him. Upon information and belief, Wal-Mart failed to perform any meaningful investigation into Mr. Subh's complaints.

18.     Instead, Wal-Mart's supervisors retaliated against Mr. Subh for his complaints about discrimination.

19.     Because of the continuing discrimination, hostile work environment, and retaliation, Mr. Subh filed several Charges of Discrimination with the EEOC.

20.     Mr. Subh also sought to transfer from the Delaware store to a Wal-Mart store in Maryland. Wal-Mart refused to transfer him unless he agreed to "forget" about the discrimination and retaliation against him.

21.     Mr. Subh was compelled to seek legal counsel to assist him. Only after Mr. Subh's lawyer contacted Wal-Mart did the Company allow him to transfer.

22.     Ms. Subh's respite was short-lived, however. Just over six weeks after his transfer, Wal-Mart terminated Mr. Subh's employment in retaliation for his complaints of discrimination.

23.     Specifically, Ruth McPherson, acting both individually and in her capacity as Wal-Mart's agent, caused Mr. Subh to be arrested on allegations she knew to be false and without probable cause. Ms. McPherson's actions were intentional, extreme, and outrageous, and for a purpose other than bringing Mr. Subh to justice.

24.     Because of Ms. McPherson's false allegations, Mr. Subh was arrested while at work, and held in prison for several days pending extradition from Maryland to Delaware.

25.     Wal-Mart's reasons for its termination of Mr. Subh's employment are pretext for its discrimination and retaliation.

26.     Defendant McPherson's actions were willful, malicious, and in contravention of law.

## COUNT I

### Title VII—National Origin Discrimination; Harassment;
### Hostile Work Environment; Retaliation
### (Against Wal-Mart)

27.     The foregoing paragraphs are incorporated as if fully set forth herein.

28.     Based on the foregoing, Wal-Mart has engaged in unlawful employment

practices in violation of Title VII because of Mr. Subh's national origin, including,

but not limited to, perpetuating a hostile work environment, subjecting Mr. Subh to

unlawful national origin discrimination and harassment, subjecting Mr. Subh to

more onerous working conditions after he complained about the discrimination and

harassment, and terminating Mr. Subh's employment in retaliation for opposing the

discrimination, harassment, and hostile work environment.

29.     As a direct result of Wal-Mart's unlawful discriminatory and retaliatory

practices in violation of Title VII, Mr. Subh has, among other things, sustained lost

earnings, severe emotional and psychological distress, loss of self esteem, and loss of

future earnings power.  Mr. Subh has also lost back pay, front pay, and interest due

thereon.

## COUNT II

**Title VII—Race Discrimination; Harassment;
Hostile Work Environment; Retaliation
(Against Wal-Mart)**

30.    The foregoing paragraphs are incorporated as if fully set forth herein.

31.    Based on the foregoing, Wal-Mart has engaged in unlawful practices in violation of Title VII because of Mr. Subh's race including, but not limited to, perpetuating a hostile work environment, subjecting Mr. Subh to unlawful race discrimination and harassment, subjecting Mr. Subh to more onerous working conditions after he complained about the discrimination, harassment, and hostile work environment, and terminating Mr. Subh's employment in retaliation for opposing racial discrimination and harassment.

32.    As a direct result of Wal-Mart's unlawful discriminatory practices in violation of Title VII, Mr. Subh has suffered a loss of earnings, severe emotional and psychological distress, loss of self esteem, loss of future earnings power, plus back pay, front pay, and interest due thereon.

## COUNT III

### Intentional Infliction of Emotional Distress
### (Against Ruth McPherson)

33.     The foregoing paragraphs are incorporated as if fully set forth herein.

34.     Based on the foregoing, Defendant McPherson's conduct was intentional

or reckless. Her extreme and outrageous conduct was outside the bounds of decency

and caused Mr. Subh severe emotional distress.

35.     As a direct result of Defendant McPherson's actions, Mr. Subh has

endured, among other things, pain and suffering, loss of earning power (past and

future), and medical expenses.

## COUNT IV

### Defamation
### (Against Wal-Mart and Ruth McPherson)

36.     The foregoing paragraphs are incorporated as if fully set forth herein.

37.     Based on the foregoing, Defendants released, communicated, and

published inaccurate and/or misleading information about Mr. Subh to a third

party.

38.     The information released, communicated, and published by Defendants

imputed a crime to Mr. Subh.

39.     Defendants' actions were malicious.

40.    As a result of Defendants' actions, Mr. Subh sustained substantial, permanent, and irreparable harm to his reputation, including, among other things, a loss of earnings, the loss of future earning power, and extreme emotional distress and humiliation.

## IV. PRAYER FOR RELIEF

41.    The foregoing paragraphs are incorporated as if fully set forth herein.

WHEREFORE, Mr. Subh requests that this Court enter a judgment in his favor and against Defendants and order:

a.  That Defendants compensate, reimburse, and otherwise make Mr. Subh whole for any pay and benefits he would have received (including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority) had it not been for Defendants' illegal actions.

b.  That Wal-Mart reinstate Mr. Subh to the position to which he would have been entitled had he not been subjected to Defendants' unlawful discrimination, including a rate of pay, pay increases, promotions, benefits, bonuses, insurance, training, seniority and other emoluments of employment that he would have received.

c.  An award of actual damages as well as damages for the pain, suffering, inconvenience, mental anguish, humiliation, loss of employment, and other non-pecuniary losses caused by Defendants' actions.

d.  An award of punitive damages in an amount believed by the Court or the trier of fact to punish appropriately Defendants for their deliberate, malicious, and outrageous conduct and to deter them and others from engaging in such misconduct in the future.

e.  An award of attorney's fees and costs.

f.  Any such other and further relief as this Court deems appropriate.

## V.  JURY DEMAND

Mr. Subh demands a trial by jury.

Respectfully submitted,

/s/ Frank Conley
Frank J. Conley, Esquire
*Pro hac vice*
THE CONLEY FIRM
7715 Cheltenham Avenue, Suite 113
Philadelphia, PA 19118
(215) 836-4789

/s/ Glenn Brown
Glenn Brown, Esquire
Real World Law
916 N. Union St #2
Wilmington, DE 19805
(302) 225-8340



EEOC Form 161 (2/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Majed Subh
204 Latimer Street
Apt. 2
Wilmington, DE 19804

From: Baltimore Field Office
10 South Howard Street
3rd Floor
Baltimore, MD 21201

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 531-2007-01849 | Letetia H. Taylor, Investigator | (410) 209-2231 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Gerald S. Kiel, Director

APR 11 2008
(Date Mailed)

Enclosures(s)

cc: Karen L. Green, Esq.
McDonnell & Associates, P.C.
601 S. Henderson Road
Suite 152
King of Prussia, PA 19406

JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MAJED SUBH

### DEFENDANTS
WAL-MART STORES, INC.; RUTH McPHERSON

**(b)** County of Residence of First Listed Plaintiff  **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **New Castle**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Glenn A. Brown, DMD, Esquire; Real World Law, PC; 916 North Union Street; No. 2; Wilmington, DE  19805  (302) 225-8340

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §2000(e) et. seq. 42 U.S.C. §1981(a)
Brief description of cause:
Employment discrimination based upon national origin and retaliation for complaints to the EEOC

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Sue L. Robinson
DOCKET NUMBER  07-cv-479

DATE
07/07/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____