IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAJED SUBH, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 08-410 SLR |
| | ) |
| WAL-MART STORES, INC., and | ) |
| RUTH MCPHERSON, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER TO COMPLAINT

Defendant Ruth McPherson ("Defendant") hereby responds to the Complaint filed in the above captioned matter as follows:

1. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required.

2. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

3. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

8. The allegations of this paragraph are admitted.

9. Defendant denies that "Wal-Mart Stores, Inc." operates stores at the locations specified. Wal-Mart Stores East, LP is the correct name of the operating entity for the stores located at 75 North East Plaza, North East, Maryland and 1251 Centerville Road, Wilmington, Delaware.

10. The allegations of this paragraph are admitted.

11. The allegations of this paragraph are admitted.

12. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

13. The foregoing paragraphs are incorporated as if fully set forth herein.

14. Defendant admits that Plaintiff was employed at Store #5436 in Wilmington, Delaware as a Photo Center Specialist beginning on or about December 20, 2005. The remainder of the allegations contained in this paragraph are denied as stated.

15. The allegations of this paragraph are denied.

16. The allegations of this paragraph are denied.

17. The allegations of this paragraph are denied.

18. The allegations of this paragraph are denied.

19.     Defendant admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, identified as Charge No. 531-2007-01849. The remainder of the allegations contained in this paragraph are denied. By way of further response, Defendant denies that there was any merit to this charge of discrimination, and specifically denies that Plaintiff was subject to any discriminatory conduct while an employee of Wal-Mart.

20.     The allegations of this paragraph are denied.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of this paragraph. The allegations contained in the second sentence of this paragraph are denied.

22.     The allegations of this paragraph are denied.

23.     The allegations of this paragraph are denied.

24.     The allegations of this paragraph are denied.

25.     The allegations of this paragraph are denied.

26.     The allegations of this paragraph are denied.

## COUNT I

27.     The foregoing paragraphs are incorporated as if fully set forth herein.

28.     The allegations contained in this paragraph are directed to Defendant Wal-Mart Stores, Inc. No response is required from Defendant.

29.     The allegations contained in this paragraph are directed to Defendant Wal-Mart Stores, Inc. No response is required from Defendant.

## COUNT II

30.     The foregoing paragraphs are incorporated as if fully set forth herein.

31. The allegations contained in this paragraph are directed to Defendant Wal-Mart Stores, Inc. No response is required from Defendant.

32. The allegations contained in this paragraph are directed to Defendant Wal-Mart Stores, Inc. No response is required from Defendant.

## COUNT III

33. The foregoing paragraphs are incorporated as if fully set forth herein.

34. Each and every allegation contained in this paragraph is denied.

35. Each and every allegation contained in this paragraph is denied.

## COUNT IV

36. The foregoing paragraphs are incorporated as if fully set forth herein.

37. Each and every allegation contained in this paragraph is denied.

38. Each and every allegation contained in this paragraph is denied.

39. Each and every allegation contained in this paragraph is denied.

40. Each and every allegation contained in this paragraph is denied.

## Prayer for Relief

41. Defendant denies that Plaintiff is entitled to the relief he seeks.

## FIRST AFFIRMATIVE DEFENSE

Counts III and IV of Plaintiff's Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant's conduct toward Plaintiff was, at all times, lawful.

4

### THIRD AFFIRMATIVE DEFENSE

Defendant's communications with law enforcement authorities regarding Plaintiff's criminal behavior are absolutely privileged.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's communications regarding Plaintiff were, at all times, made in good faith and were truthful.

### FIFTH AFFIRMATIVE DEFENSE

Any injury allegedly suffered by plaintiff does not constitute emotional distress.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages he alleged he has suffered.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages, no financial loss or any other injury.

WHEREFORE, Defendant Ruth McPherson respectfully requests that this Court enter judgment in her favor and against Plaintiff:

    (a)    Dismissing the complaint with prejudice;

    (b)    Awarding her costs and attorneys fees; and

    (c)    Granting such other and further relief as the Court deems just and proper.

                POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
      Kathleen Furey McDonough (I.D. 2395)
      Sarah E. DiLuzio (I.D. 4085)
      1313 North Market Street
      P.O. Box 951
      Wilmington, DE 19899-0951
      Telephone: (302) 984-6000
      Telefax: (302) 658-1192
      kmcdonough@potteranderson.com
      sdiluzio@potteranderson.com

*Attorneys for Defendant Ruth McPherson*

Dated: August 11, 2008
877229

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2008, a true and correct copy of the foregoing was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the following counsel of record that the document has been filed and is available for viewing and downloading.

>Glenn A. Brown, Esquire
>Real World Law, PC
>916 North Union Street, Suite #2
>Wilmington, DE  19805
>
>Frank J. Conley, Esquire
>The Conley Firm
>7715 Cheltenham Avenue – Suite 113
>Philadelphia, PA  19118

>>*/s/ Sarah E. DiLuzio*
>>Sarah E. DiLuzio (#4085)
>>POTTER ANDERSON & CORROON LLP
>>Hercules Plaza, 6th Floor
>>1313 North Market Street
>>P.O. Box 951
>>Wilmington, DE  19899-0951
>>Telephone:  (302) 984-6000
>>Telefax:  (302) 658-1192
>>E-mail:  sdiluzio@potteranderson.com