IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MAJED SUBH,                                    )
                                               )
                Plaintiff,                     )
                                               )
        v.                                     )       Civ. No. 08-410-SLR/LPS
                                               )
WAL-MART STORES, INC., and                     )
RUTH MCPHERSON,                                )
                                               )
                Defendants.                    )

## MEMORANDUM ORDER

At Wilmington this 31st day of March, 2010, having reviewed the Report and

Recommendation issued by Magistrate Judge Leonard P. Stark on November 19, 2009

(D.I. 40) , plaintiff's pro se objections thereto (D.I. 43),[1] and defendants' response to

said objections (D.I. 44), and having reviewed the record de novo pursuant to 28 U.S.C.

§ 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(3);

IT IS ORDERED that the objections to the Report and Recommendation lodged

by plaintiff are overruled, for the reasons that follow:

1. **Standard of Review.** When reviewing the decision of a magistrate judge on

a dispositive matter, the court conducts a de novo review. 28 U.S.C. 636(b)(1)(B); Fed.

R. Civ. P. 72(b)(3). A motion for summary judgment is considered a dispositive matter

---

[1]Plaintiff filed objections, pro se, on December 2, 2009. (D.I. 43) His attorney moved, on December 4, 2009, to withdraw as counsel "because plaintiff has requested an end to the representation so that he may pursue the litigation on his own." (D.I. 42) Plaintiff has not filed a response to said motion; accordingly, the motion to withdraw is granted.

and, therefore, the findings and conclusions of the magistrate judge in connection with such a motion are reviewed de novo. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also receive further evidence or return the matter to the magistrate judge with instructions for proceedings. *Id.*

2. **Objections.** Plaintiff[2] asserts that the evidence presented to Magistrate Judge Stark was sufficient to defeat defendants' summary judgment motion. Plaintiff's objections, written in third-person narrative, trace his childhood, background, education, reasons for immigrating to the United States and his eventual employment by defendant Wal-Mart. Plaintiff complains that Magistrate Judge Stark evaluated his claims incorrectly, relied on falsified statements and information presented by defendants and completely ignored all the facts presented by plaintiff. According to plaintiff, the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is a genuine issue as to a lot of material

---

[2]Plaintiff has another case stemming from his employment at Wal-Mart, *Subh v. Wal-mart Stores, Inc.*, Civ. No. 07-479-SLR-LPS ("*Subh I*"). In *Subh I*, the court issued a memorandum opinion and order dated September 30, 2009 granting defendant's motion for summary judgment and dismissing plaintiff's claims with prejudice. Plaintiff's pro se appeal is pending in the United States Court of Appeals for the Third Circuit. *Subh I* contained allegations related to the time during which plaintiff was employed at Wal-Mart Store #5436 in Wilmington, Delaware; the case at bar ("*Subh II*") largely concerns the events that allegedly led to plaintiff's transfer to and Wal-Mart's decision to terminate plaintiff's employment from Wal-Mart Store #5450 in Northeast, Maryland, for gross misconduct.

2

facts and the moving party [is] not entitled to judgment as a matter of law."[3]  (D.I. 43 at 4)

    3. **Prima Facie Case of Discrimination.**  Reviewing the Report and Recommendation of Magistrate Judge Stark de novo, the court concludes that Magistrate Judge Stark did not err in finding that plaintiff failed to establish a prima facie case of discrimination.  The court finds the record devoid of any direct evidence of discriminatory animus or motive and, further, lacking evidence, either direct or circumstantial, to support plaintiff's claim that the actions taken occurred under circumstances that give rise to an inference that he suffered from discrimination motivated by racial animus or animus based on his national origin.  With respect to the retaliation claim, Magistrate Judge Stark correctly concluded that there are no genuine issues of material fact with respect to the reason Wal-mart terminated plaintiff's employment.[4]

---

    [3]On March 27, 2010, plaintiff wrote a letter requesting the court allow him to submit new evidence, i.e., "a Wal-Mart witness in plaintiff's worker's compensation case hearing."  (D.I. 45)  Plaintiff alleges this new evidence is related to the "fake falsified Wal-Mart criminal charges [filed] against plaintiff on Friday, April 13, 2007" and ostensibly reflect on the credibility of defendant McPherson.  (*Id.*)  Much like plaintiff's objections to the Report and Recommendation, this request is vague, conclusory and fails entirely to explain how this new information (testimony or documentary or otherwise) would vitiate the Magistrate Judge's conclusions or analyses.  Plaintiff has also not explained the reason this information was only recently discovered nor stated why he was not more diligent, especially since he was a participant in the confrontation that gave rise to the charges filed against him.  Accordingly, the court declines to reopen the record.

    [4]By his own account, plaintiff initiated an aggressive, loud confrontation with defendant McPherson  - while dressed in a security guard uniform and carrying a night stick from another job - on the sales floor in front of other Wal-Mart employees and customers.  It is uncontradicted that, as a result of this confrontration, plaintiff pled no contest to a charge of menacing and was sentenced to one year probation.

4. Relatedly, inasmuch as Magistrate Judge Stark found that plaintiff was also complaining about his transfer to the Maryland store, a de novo review yields no error in this ruling. Specifically, the record reflects that plaintiff requested the transfer to that specific Wal-Mart and requested a specific time for transfer. Although against its own policy to allow employees with active discipline (as was the case with plaintiff) from transferring, defendant Wal-Mart made an exception for plaintiff.

5. **State Law Claims**. There is no error in Magistrate Judge Stark's conclusion that plaintiff has presented no genuine issue of material fact with respect to the intentional infliction of emotional distress claim based on the standard that defendants' conduct would not have been so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. *Mattern v. Hudson*, 532 A.2d 85 (Del. Super. 1987). Similarly, the court finds no error in Magistrate Judge Stark's conclusion that there was no evidence from which a reasonable factfinder could conclude that defendants defamed plaintiff.

THEREFORE, IT IS FURTHER ORDERED that:

1. Plaintiff's objections to the Report and Recommendation (D.I. 43) are overruled.

2. The Report and Recommendaion (D.I. 40) is accepted. Magistrate Judge Stark reviewed the record in exhaustive fashion and analyzed the law with care. Plaintiff was afforded a full and fair opportunity to present his version of events. Magistrate Judge Stark's conclusions are neither clearly erroneous or contrary to the law.

3. The motion for summary judgment filed by defendants (D.I. 31) is granted.

4

4.  The clerk of court is hereby directed to enter judgment in favor of defendants and against plaintiff and, thereafter, to close the case.


_____
United States District Judge